**4 PAGES**
BAINS LEGAL, PC
Pauldeep Bains, SBN: 268004
180 Promenade Circle, Suite 300
Sacramento, CA 95834
Tel: 916-800-7690
pbains@norcalbkattorney.com

Attorneys for Debtor(s)
JOSEPH HUMBERTO ESPANA &
MARTHA EUGENIA ESPANA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JOSEPH HUMBERTO ESPANA,<br>MARTHA EUGENIA ESPANA,<br>Debtor. | ) Case No.: 21-20775<br>) Chapter 13<br>) DCN: PSB-8<br>)<br>)<br>) Hearing Date: October 18, 2022<br>) Hearing Time: 2:00 P.M.<br>) Hearing Location: 501 I Street, Sacramento, CA,<br>) 6th Fl, Dept. E, Courtroom 33<br>) Honorable Judge Ronald Sargis<br>)<br>)<br>)<br>) |

**Pauldeep Bains' Motion for Compensation in the Amount of $3,500.00**
**[11 U.S.C. §330(a); FRBP 2002 (a)(6), 2017, 9014; LBR 9014-1(f)(2)]**

Pursuant to Bankruptcy Code Section 330 and Bankruptcy Rule 2016 (a), the undersigned hereby applies for $3,500.00 in additional fees in this Chapter 13 case. In support of this application, the applicant hereby declares under penalty of perjury as follows:

On 03/01/2021, Debtors' counsel of record Pauldeep Bains of Bains Legal, PC, received a retainer of $1,000.00. An executed copy of this Court's "Rights and Responsibilities of Chapter 13 Debtors and their Attorney" was filed on 03/05/2021 and can be found as Docket Entry 6. As reflected in the document and in the Bankruptcy Rule 2016 (b) disclosure statement, applicant and the debtor(s) agreed that the initial fee for legal services and expenses in connection with this Chapter 13 case would be $4,000.00. Additional fees have been allowed by order(s) of this

Court on the following dates and in the following amounts: None

To date, fees in the amount of $3,000.00 have been paid by the Chapter 13 Trustee through Debtors' Chapter 13 Plan to Pauldeep Bains of Bains Legal, PC.

The initial agreed-upon fee, including additional fees previously allowed, are not sufficient to fully compensate the attorney for the legal services rendered. Since confirmation of the plan on 12/21/2021, Bains Legal, PC, has been required to complete a significant amount of additional work as necessitated by unforeseeable circumstances. The additional fees sought by Bains Legal, PC, in this application, as hereby supplemented, began to accrue on or about 04/21/2022.

## Substantial and Unanticipated Post-Confirmation Work

**Relief Sought:**

Pauldeep Bains, counsel representing the debtor, will move for an order: (a) awarding Bains Legal, PC, compensation for services rendered in the amount of $3,500.00; (b) directing the Chapter 13 Trustee pursuant to the terms of the Chapter 13 plan pay the amount of $3,500.00 directly to Bains Legal, PC. This motion is made without prejudice to the Motion for Compensation of any other professional in the case.

**Grounds for Relief:**

Motions for compensation are authorized by Title 11 of the United States Code section 330, which authorizes reasonable compensation for debtor's counsel in Chapter 13 Proceedings. In this instance, counsel for the debtor has undertaken the following acts: Communicated with the debtor regarding their rights and responsibilities vis-a-via creditors, the United States Trustee and the Chapter 13 trustee; since confirmation of the plan on 12/21/2021, Bains Legal, PC, has been required to complete a significant amount of additional work as necessitated by unforeseeable circumstances and that has not received compensation for as of today's date.

*Motion/Application(s) to Sell PSB-5; PSB-6; PSB-7:* Communications with debtors; reviewing options and discussing approval process; communicating with creditor attorneys; communicating with escrow officer; drafting/editing/filing/serving said Motions and related documents; attend hearings and draft Orders; Total Hours = 12.2 hours (6.3 attorney hours; 5.9 paralegal hours)

<u>*Motion for Compensation PSB-8:*</u> Communicate with Trustee's office; Preparation of Motion for Additional Attorney Fees. Total Hours = 3.2 hours (3.2 attorney hours)

<u>It was unanticipated when the debtors filed their Chapter 13 case that prior to the Discharge and Final Decree and during the Chapter 13 plan, that debtors would agree to sell three (3) properties to pay off their Chapter 13 case in full.</u>

All of the above-mentioned work was necessary and beneficial to the success of Debtors' financial future and the success of this Chapter 13 case. It was necessary to communicate with the debtors, the creditor's attorneys, and the escrow officer; it was necessary to prepare and litigate the three (3) Motion/Applications to Sell. Had this work done not been done, the debtors would been unable to sell the three (3) properties to pay their Chapter 13 Plan in full.

Although certain work is typical of all, or most, Chapter 13 cases, including preparation of the schedules, the plan, attending §341 hearings, as well as some additional motion work to value collateral; the additional fees sought herein are beyond what should be considered "typical" in a Chapter 13 case. *See In re Pederson*, 229 B.R. 445 (Bankr. E.D. Cal. 1999). Specifically, when debtors decide to sell three (3) properties during the pendency of their Chapter 13 case, it is not foreseeable at the onset of an initial fee arrangement and stands in opposition to the Debtor's acknowledgement of Duties and Responsibilities owed to the Trustee and Bankruptcy Court. All additional fees sought by this application result from work of considerable necessity to, and providing substantial benefit for, Debtors. *See 11 U.S.C.S.* §330(a)(4)(B) (2005); *See also In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2001). Moreover, see the Declaration of Pauldeep Bains filed concurrently with this Motion.

The time sheets attached hereto as "**EXHIBIT A**" cover all services rendered to the Debtors in connection with this Chapter 13 case. This exhibit covers all of the work done in Debtors' Chapter 13 case that is factored into the standard fees stated in the Rights and Responsibilities; and then it also shows the substantial work performed that is being billed for in this Motion for Compensation. In summary, Exhibit A shows two things: (1) the normal work accounted for under the Rights and Responsibilities; and (2) the substantial and necessary work that is the focus of this Motion for Compensation.

After exercising reasonable billing judgment, the total number of hours expended in this case for which applicant seeks compensation is 15.4 hours (9.5 hours = Attorney; 5.9 hours = Paralegal). The hourly rates at the time the client retained are as follows: Attorney = $350/hr; Paralegal = $185/hr.

Applicant will discount and "no-charge" for 0.98 hours of Attorney time ($343.00) and 3.10 hours of Paralegal time ($573.50), amounting to $916.50.

A reasonable fee for the services rendered to date would be $3,500.00. Accordingly, applicant respectfully requests that the Court allow fees in the amount of $3,500.00 be paid directly from the Chapter 13 Trustee to Bains Legal, PC.

Dated: September 20, 2022    By:    Respectfully Submitted,
Bains Legal, PC
/s/ Pauldeep Bains
Pauldeep Bains, Esq.
Bains Legal, PC